Now for our argued cases, the first one today is United States versus Velazquez, and I believe Mr. Thompson, you're representing the appellant and you're appearing remotely. Please proceed. Thank you, Your Honor. James Thompson on behalf of Cesar Velazquez, Jr., and I first want to thank the court for allowing me to appear by video as opposed to in person. Both my doctor and I thank you for that courtesy. I would like to reserve three minutes for rebuttal if I might. Try to keep on the clock. We'll try to help you. Thank you. And I'll go ahead and begin. In this case, Mr. Velazquez played a minor role. He did not procure the drugs. He did not plan or organize the sale of the drugs. He did not plan the drug delivery. He did not make any of decisions that were formed with respect to the transportation and distribution of the drugs. And it was to be paid a mere $500 for taking the package to the post office. And in fact, he wasn't even paid that $500 amount. With respect to the minor role that he played, probation agreed. Under the law, Mr. Velazquez was a minor player. He was substantially less culpable than the other two participants in the crime. He should have received a two-level reduction under Section 3B1, and he should have received a four-level reduction under Section 2D1. Yeah, so let me ask you this. Yes. What standard of review do you apply to the decision of the district court in this case? I think it's an abuse of discretion standard, Your Honor. The government claimed it's plain error. Why is it wrong? I'm not sure I can articulate the fact other than in Rodriguez and Diaz, I think they both analyzed it under an abuse of the discretion. I don't think that there's a plain error analysis here because the kind of the objections to the calculations and the participation of Mr. Velazquez were all addressed by the district court. Whether or not the precise language of some of the wording that we used on the appeal is different than that. Nevertheless, the thrust of the issue was addressed in the district court, and the district court made those determinations. The pre-sentence report discussed these matters as well. What about the fact that a fingerprint of your client was found in the packaging indicating he was more than just a courier? Well, as he told probation and the district court learned later, his single fingerprint was found on a food saver box that was in the package that was distributed. His fingerprint wasn't in the box itself, and it wasn't on the materials that were actually the contraband, and it wasn't on any of the taping or anything else. It was just in a bag that was used to help package the material that was then sent through the mail from the post office. A single fingerprint doesn't really indicate some sort of active participation compared to if you were actually packaging these drugs, your fingerprints would have been all over the interior of the box. The district judge thought that was highly significant. He used the word fingerprints, didn't he, the district court? Yes, he did, but it was a sole fingerprint found on a food saver box inside the package itself. So your inference is that somebody else of the co-conspirators who did the packages used the food saver box as part of the packaging? Yes, and the court acknowledged that in the earlier discussions prior to the actual date of sentencing. The district court acknowledged that because Mr. Velasquez had participated in the sale of marijuana chewables and stuff in two earlier packages, which he admitted to the probation office. So if he was involved with that, his fingerprint could very well have been on there, but not in the actual packaging. One question I have with regard to all this is the whole story here of your client's very limited participation, it comes from your client's testimony. It does seem like the district court judge, both because of the fingerprint and because of the fact that he'd done this before and because of the quantity of the he sort of just concluded, he seemed to minimize or weigh as less your client's testimony. Is it the case that when you have somebody that testifies and says, oh, I was just a minor participant, that the district court judge just has to accept that? Or can the district court judge discount that on the basis of what I think we would all think was sort of common sense, which is that everybody who gets caught is always going to say that they were a minor player. Sometimes it's tough for the government to have . . . here they actually had quite a bit of objective evidence, but oftentimes they may not have a fingerprint in the box or something like that. So what do we do with the fact that everything that you're relying on to say that the district court judge did the wrong, ended up with the wrong result here, abused its discretion? Is all the testimony of your client? Well, I think the district court has an independent ability or duty to assess the evidence. I don't think it's tied just to the client's testimony, but I think that . . . I guess one thing, what testimony or what evidence is there other than that would support the minor role reduction other than your client's testimony? Well, I think there is the fact that he's the one that mailed the package, and then when the package was not delivered or there was some checking on when it was to be mailed or when it was actually delivered, whatever, that was done by one of the other individuals. Yeah, so there's that something, but I thought it was kind of odd that that cuts in that direction because when I want to have a package checked on, I usually have my or one of my clerks check on a package. I don't check on it. Yeah, I think someone who was . . . and again, I don't know, but I would think that someone who's in charge of that much methamphetamine and was involved in that distribution would be the one that would want to make sure that it was delivered appropriately, not the courier that dropped it off at the post office box. And the person who's in charge, right, is not going to get paid or promise to be paid a $500 sum. Right. That's one possible way to look at it, but it does seem like you could look at it the other way that the district court judge did, which is that you just have somebody else checking on, partly maybe because you don't want the higher up person to get caught, right? But because the person checking on it may be at more of a risk of getting caught, especially if something's happened to the box and the government authorities have somehow obtained it. I understand, but I think, you know, if you look at the Diaz five factors in analyzing this and you apply those from what we said in the briefs, and I certainly don't want to repeat it here, all of those factors pointed towards him being the minor participant. And so I think you have to take the evidence that you have at hand in order to analyze those factors. So you're kind of taking over your time. But so when you say we have to take the evidence you have at hand, if the only evidence, you know, in this case, there's quite a bit of objective evidence, but in a lot of cases, it might just be only the defendant's testimony. And if that's all we got, then that's what you have to plug into the factors. And basically, if somebody says they're a minor role participant and the government can't disprove it, then they get the reduction. Is that your view? I don't know that the government can't disprove it. I think that if the defendant in a particular case makes the showing that is required and follows those five factors and they're analyzed by the court, then that is the evidence. But I think you're kind of, but makes the showing how, like makes the showing with their own testimony that says, I don't really know anybody else. I didn't really know what was going on. I just met a dude and he gave me the drugs and told me to mail six pounds of meth or six kilos. Unless there was some sort of written agreement that set that out that you could establish it, but the defendant can't call the co-defendants and have them testify at the sentencing hearing about what his role was. I mean, he's precluded from doing that. So he can only offer what he can offer, which is, this is my role. This is what I did. This is how it is. It might be really hard to actually show the minor role if you're the defendant, but that would be consistent with the fact that we've elsewhere said that that only applies in quote unquote exceptional circumstances. It does, but you know, and I'm not here to obviously argue. I'm trying to persuade, and I'm not the author of Rodriguez, which both of you are in the concurring opinion and the read, you're the ones that wrote it. So you have a better sense, but I think even at the end of this, you can say from the record that no one can know for sure whether the court properly applied those five factors because the record is devoid of that discussion. Counselor, you're over your time, but we're going to give you some time, two minutes on rebuttal, and I and I suspect my colleagues would like you to comment on the government's argument that Diaz says that the district court's discussion of the 3B1.2 factors was sufficient as opposed to Rodriguez and other cases. So when you come back, will you be prepared to discuss those, please? Thank you. Okay, let's hear from the government. Mr. Alcaraz, right? Good morning, your honors, and may it please the court. My name is Eli Alcaraz, and I represent the United States. In this case, the court should affirm the district court. The district court did not abuse its discretion in declining to apply the mitigating role reduction, and in imposing a low-end guideline sentence, it was not a substantially unreasonable sentence. Okay, can we focus on the Rodriguez, Quintero, Levia, and Diaz situation? Yes, your honor. I am concerned that the district court, a person I know well, ticked off some things but did not show, to my mind, a clear understanding that he had reviewed each of the five factors. Yes. Will you speak to that, please? Yes, your honor. My answer is a threefold answer. Yeah. The first is I'll rely on CARDI, which is in the government's brief, which is so long as there's an opportunity to be heard, the court says that it has announced... But that's 3553A. I was here when CARDI came down. That's all it was. 3553A had nothing to do with these factors. That's just dicta. Yes. So put CARDI to the side because that's not this case. Okay. What else have we got? Yes, so the court explicitly said before each of its hearings that it reviewed all of the briefing. In each of the briefings submitted by the government, it announced the Dominguez-Quintero requirements, the Rodriguez requirements, and that the court must consider all five factors. The court also implicitly adopted the government's reasoning when it said at one point during one of the hearings, I think the government is probably right. Further, at the tail end of the third sentencing hearing, the United States said it incorporates by reference all of the earlier briefing, which the district court said substantial briefing indeed, showing that it had an understanding of its clear obligation to consider all of the five factors. Now, whether CARDI... Let me be sure I understand. So you're saying that because the government incorporated by reference all of the other materials that the court did not specifically refer to, but did refer to the overall briefing, that that's enough? That in combination with we are dealing with a unique circumstance of three sentencing hearings, which had about two hours of substantive discussion. So in this particular instance, I'd like to direct the court to excerpts, I believe it's at page 178 and 174, where in the discussion with the defense attorney, they were talking about whether the defendant was a minor participant, whether he was just a mere courier. Mere courier goes to factor one. I don't believe that the requirements of Rodriguez and others say that the court needs to say, let's discuss factor one now. But in substance, the court did discuss factor one. What was the knowledge and scope of this individual? And the court made a factual finding, which would be reviewed for clear error, which is in an instance where you find a fingerprint, the court found that to be fundamentally inconsistent with the idea that the person was a mule. And under that instance, the core of factor one was discussed and explicitly rejected by the court. And so this court can feel comfortable that the district court was analyzing the factors as they were presented to it. Further, the Chiconde decision recently said that the amount of methamphetamine can also go, or the And there was substantial discussion about what the inference should be drawn of the amount of drugs that were sent. And the court also made additional, very specific findings, such as that it believed for someone to be entrusted with this amount, the bona fides of the individual had to have been proven to the drug trafficking organization. So you can definitely take, it's not like the court didn't do anything here. It discussed different things. And you can, I don't think you have to be pretty much anybody with a legal education could tie the court's discussion to some of the various factors. You'd think that somebody could do that. What did not happen here, I guess, is that the district court did not sort of go through each of the factors and tie, you know, explicitly tie them to the discussion. And so it seems to me that if we ruled against you in this case, that would be what we would be requiring a district court to do. Rodriguez does say that you have to consider all the factors. I don't know that we've yet said that you have to explicitly discuss each of the factors individually. Why do you not need to discuss each of the factors individually? Your Honor, I think that when we're, if we're going to use CARDI as maybe a persuasive idea, is that district courts are sentencing regularly defendants year in and year out across the largest circuit in the country. And in an instance like this, where the ideas were discussed, where we've had three rounds of substantial briefing, and where the court specifically says that it understood it, I believe that in this particular instance, when the court hasn't previously said that the ideas must be enumerated or must be discussed, that it would then be an unnecessary expansion that would just add to the kind of backlog or the processing of the district courts. Because in this particular instance, or even if we were to zoom back and look at a mine run case, we're really dealing with this did the defendant get a fair shake? And in this instance, three rounds of briefing, three sentencing hearings, and two hours of argument show that the defense had its opportunity to make its arguments. And if we're going to talk about the analysis of degree, the court actually made an explicit, we're not using the word degree, but an explicit assessment between the two so this court can feel comfortable. Well, you know, you say that, but the essence of what the district said in all this was basically just focusing on the fact that fingerprints were found in the packaging, and that's a misstatement because there was only one single fingerprint on the food wrapper, and this was a huge quantity, six kilos almost of meth. But I mean, and that's it. Well, doesn't that indicate some error in not complying with the five factors that were added to the comments of the sentencing guidelines in 2015? Yes, Your Honor, and my answer to that is I believe at the district court the correction had been made that it was only one fingerprint, but as to the amount, Chiconde would say that the court is permitted to consider the amount. The long history of this court's rulings say the court is able to consider the amount, and there's one small nuanced point that I believe might ease the court's concerns, which is at Excerpt of Record 178, there's a discussion about the later phone call by the other co-participant. I think what Judge Gilman may be getting at is that the district court never did, it discussed those things, but it never tied that to any particular factor at all. It never said, and this goes to factor one and three, you know, it never did anything like that. I guess the submission would be that that's an unworkable solution in an instance where you're having such substantial discussion. But counsel, I guess to cut to the chase, at least from my perspective, in Cardi, we made it very clear 3553A, as long as it was clear that the court was in the ballpark, that was okay, but in Quintero, Levia, and Rodriguez, we specifically said you've got to tick these off, one, two, three, four, five, and that didn't happen here. What do we do with that? Your Honor, my understanding of those cases was that it was that the consideration must be made, not necessarily that... Well, I suppose we didn't say you have to number them, but you have to consider and speak to each of those, and as my colleagues and I both talked about, yes, talk to some of them, but not all of them. So what do we do with that? Well, in this particular case, I think that courts are permitted at the district court level, in terms of managing their courtroom, to rely on the briefing, which has all of the discretion of them to say, yes, it is substantial, yes, it is scholarly. So from the government's perspective, if in some of the briefing, these are all discussed, and the court says, I read these briefs, that's all that's required? If it also is explicitly rejecting counter-arguments by the defense, I think those two things in combination. So for example, in this particular case, in the third sentencing hearing, the government said that, sorry, the court said that it appreciated the government's additional work, which had additional analysis. And so in that way, I think the court is permitted to adopt the government's analysis, say that it believes the government is probably right, and then reject explicitly the defendants. That really eviscerates Rodriguez. I mean, you all do fine briefs, wonderful briefs. We read them, lots of stuff in there. Most of it has nothing to do with what we're looking at. In this case, the question is, how were these factors considered? I'm troubled with the concept that if the court says, I read this brief, and I liked it, that that's enough. What's your response to that? Well, the court would be able then to look at the analysis in the brief and make similar decisions like it did in Rodriguez. If the brief, for example, didn't talk about degree, but said it was a binary and one single decision was enough, then in that way, the court, in using time-saving procedures, would have adopted a decision that this court could then determine was an abuse of discretion and remand the way that it did in Rodriguez. Rodriguez, as I recall, and I said, he wrote a brilliant concurrence. Yeah, and concurrence in the judgment. Because Rodriguez, the whole issue of saying that you, that as I'm reading it here, that they must consider all factors. I don't remember any ticking off or mentioning all, sorry, explicitly mentioning all factors, but that they must consider all factors. That was sort of irrelevant to that case, as I recall, because I think the district court actually did explicitly, we still overturned the district court in that, but it was on a whole completely different reason. The statement that it had to consider all factors, I mean, in that case, if I recall, the district court actually did go factor by factor. The court considered the factors, but as it applied them, it didn't apply them using a degree standard. It used it where there's a comparative analysis. Yeah, it made some clear mistakes in how it applied the factors, but this is like, it seems like a very, to be relying on Rodriguez here, this is just a very different case. This is a case that presents where district court did some things that arguably can be tied to the factors, but the court did not explicitly tick off the factors. In Rodriguez, it ticked off all the factors, but in analyzing them, made some errors, I think. Is that correct? I think that that's right, but I guess I was refreshing myself on your Honor's concurrence this morning, where your Honor, I believe, said that the amount of methamphetamine could be something that was significant enough to make such a decision. I didn't make that up, right? I got that from somewhere else. At least the court has endorsed it as still being good law post-Rodriguez and in other instances, and so we have a long body of authority that says even that factor on its own would be enough. In Rodriguez, we said, I'm just quoting here, gone are the days when district courts had virtually unlimited discretion to simply deem a defendant to be above average, average, or below average culpability. Yes. And that's kind of, I mean, this is a little bit better than that, but I just got to say, you're up over on your time, but this is a kind of a never-never land between Diaz and Rodriguez. Yes, Your Honor, I'm obviously disadvantaged in trying to interpret Rodriguez, given your Honors, but as I read that part, it was in discussing the kind of watershed change between being able to discuss any factor that any judge in any district could decide and say, let's have some uniformity where we're trying to direct courts to specifically understand some, but because it's still non-existent, the court might be able to say, here are mine, but these 10 others are really, really important to me. And so on an abusive discretion standard, I think if we kind of take a step back and understand that the abusive discretion standard and the non-exhaustive list favors affirming the district court in this instance. Other questions by my Thank you very much. Okay, now we have a couple of minutes for rebuttal, Mr. Thompson. And remember, we asked you to focus on Diaz, Rodriguez, and let us know what, and Quintero, Levya. What are we to do with those? I think you should apply Diaz and you should apply Rodriguez, and we should have the case remanded back to the district court in order for it to properly analyze the five factors. Okay, now that you're being general, your opposing counsel makes the point that the government, from his perspective, included argument with respect to each of the five factors in its briefing. And the court basically said, great brief. Is that enough, or is something more required? No, it's not enough. And the one comment about, the court's comment about substantial briefing, there was another issue, and I apologize, I do not recall what exactly it was, that came up at like, I think, the second hearing prior to the actual sentencing, in which the court asked for a briefing on a particular issue. And when the court then made its comment about, thank you for the substantial briefing, I think in fairness, it's reflective of that issue, which then the court did not need to address when it made the sentencing determination that it did in this case. So I don't think that, I don't think that if one party or both parties can brief the issue fully in their briefs, and the court looks at them and says they're great briefs, that that absolves the court of what Rodriguez and Diaz and the guideline itself provides, which is the analysis of the various factors. And I agree. So we're running low on time, but is your point that the court needs to go factor by factor and discuss them? No, I don't think the court needs to tick them off. But the court has to have a discussion of those points as it is addressing those. And once it gets done addressing those points. So it would help me to know, your view is it doesn't have to tick them off, which I assume you mean go factor by factor and say, I'm talking about factor one here. But give me a little bit of a practical view of what the court needs to do if it doesn't need to tick them. It doesn't need to tie them back to the factors when it's talking about something like the fingerprint and say, this relates to factor one and three. I don't know that the court has to say it relates to factor one, particularly or three or whatever. But I do think that it needs to say that, you know, based upon the evidence and stuff, I can look at and I find that the degree to which the defendant participated in planning and organizing was such. Okay, so it doesn't need to like say factor one and three, but that has to use the language that's actually in the factors is what you're saying. So instead of saying this relates to factor one, it has to make its opinion longer and say this relates to and then lay out the text of factor one. Is that what you're saying? Or it has to lay out the facts that fit factor one or three or five. But I mean, the government's saying they did that here. The government's saying when it talks about the fingerprint inside, that relates to the fact that he's not just a courier and the fact that he's not just a courier goes to the level of the organization that he's operating at. So the government says they're doing that. I assume you disagree, but when you get to that level, especially from the district court's perspective, if we're not going to make them tick off the either by the number of the factor or by stating the language of the factor, then I'm just trying to figure out practically what we would be saying in this case that they didn't do right, especially under an abuse of discretion standard. Right. And what I'm saying is that the case law is such that it says that they don't have to be ticked off. But in order for a court to responsibly make a determination as to whether my role is I think the court has to address each one of the factors. I what I'm saying is they may not have used the exact language, but they have to do it in such a way that whatever they are reporting, you know, or someone knows ties to one of those factors, because otherwise, it would just be a statement generally about, I found that there are a lot of drugs. I found that there was a single fingerprint and therefore, you know, I'm going to I'm just struggling with, as you're saying, it doesn't have to tick them off, but it does have to address them. And I'm trying to figure out what our guidance is to the, if I was a district court judge trying to figure, okay, I don't have to, basically, what we'd be creating is essentially the safe harbor for a district court judge is you do have to tick them off. You know, otherwise, otherwise, a judge, when it comes up to us, we're like, well, it's not super clear to me, even though it's an abuse of discretion standard, it's not clear enough to me that they actually went through each of the factors, and we told them in Rodriguez, they have to. Well, and they do have to go through each one of them. But I guess I'm trying to make a distinction between the, you know, kind of perhaps a technical or a specific or precise language of ticking them off versus analyzing them. I mean, I think that's what Rodriguez talks about, right? You have to properly analyze the factors. Well, in order to analyze something, you have to take the factor and you have to apply it to the facts. I'm just saying it doesn't, the court doesn't have to read factor one, and then say, here are the points underneath it. It's not structured in such a way, the court has some, you know, has the ability to, you know, analyze it and then make its analysis known. But it has to be... I mean, there was analysis in this case. So what I'm trying, how we would know as a reviewing court that the district court's analysis was tied to a specific factor, which is what you're saying needs to be shown, without explicitly doing that, which DS says they don't need to do. So I'm just trying to figure out, I don't know what standard we could create, but I guess we'll see. Other questions by my colleagues? Very interesting topic. We could talk about this for a long time, but we're not going to. So the case just argued is submitted. We thank counsel for her argument.
judges: Gilman, SMITH, VANDYKE